UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BIKRAMJIT SINGH KALRA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 12-CV-3154 |
| UNITED STATES OF AMERICA, | ) Judge John W. Darrah |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Bikramjit Singh Kalra has filed a petition to quash an Internal Revenue Service ("IRS") summons that seeks his financial information from a third-party bank. Defendant United States of America ("the Government") has moved to dismiss Kalra's Petition, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). For the reasons stated below, the Government's Motion is denied.

**BACKGROUND**

The following summary of operative facts is drawn from the petition, the parties' briefs, and the parties' exhibits.[1] The Government asserts the following: Kalra is the subject of an investigation by the Indian tax authorities ("ITA") concerning his tax liability in that country. (Def.'s Mem. in Supp. of Mot. to Dismiss ("Def.'s Mem.") at 1.) Pursuant to a treaty between the United States and India, the ITA requested that the IRS obtain Kalra's relevant financial information located in the United States. (*Id.*) In response to the ITA's request, IRS Tax

---

[1] In considering a motion to dismiss for lack of subject-matter jurisdiction, a court may look beyond the complaint's allegations and consider evidentiary materials addressed to the jurisdictional question. *United Transp. Union v. Gateway W. Ry. Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996).

Specialist Daniel B. Groscost served an administrative summons on third-party Bank of America ("BofA") regarding any accounts held by Kalra. (*Id.*; *see also* Def.'s Mem. Exh. 1A.)

According to the summons, Groscost also mailed a notice of the summons to Kalra to an address in India provided by the ITA. (*Id.*; *see also* Def.'s Mem. Exh. 1A.) The date of the summons to BofA is identified as "March XXth, 2012," and there is no date or signature listed for the notice of the summons sent to Kalra.[2]

The summons at issue requested BofA to furnish copies of documents pertaining to all accounts controlled or under the signatory authority of Kalra, for the period April 1, 2000 through December 31, 2011. (Def.'s Mem. Exh. 1A.) Kalra claims that, in or around mid-April of 2012, he received a copy of the summons directly from BofA. (Pl.'s Resp. at 1.) According to Kalra, he never received the notice mailed to him at the India address, and, upon receiving the notice, he immediately contacted his attorneys. On April 27, 2012, Kalra filed the instant petition to quash the IRS summons to BofA under 28 U.S.C. § 7609. (*Id.*) In his petition, Kalra alleged that he is a resident of the United States, that he has filed taxes in the United States with a United States address, and that he does not owe taxes in India. (Pl.'s Pet. ¶¶ 5-6.)

The Government has moved to dismiss Kalra's petition under Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). Kalra filed a response brief in opposition. The Government has not filed a reply brief.

---

[2] The Government submitted the unsworn, undated "affidavit" by IRS Tax Specialist Daniel B. Groscost, as will be further discussed below. According to Groscost's statement, he issued the summons to BofA on March 26, 2012 and mailed the notice of the summons to Kalra on or about March 29, 2012. (Def.'s Mem. Exh. 1.) As discussed below, Groscost's statement is not competent evidence.

## ANALYSIS

*Rule 12(b)(1) Motion*

Fed. R. Civ. P. 12(b)(1) permits a defendant to move for dismissal on the ground that the court lacks subject-matter jurisdiction. In considering the motion, "a district court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). The district court also "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject-matter jurisdiction exists." *Id.* (internal citations omitted). However, the nonmoving party (the plaintiff) carries the burden of proving that the court has jurisdiction over its claims. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003) (*en banc*).

Although the Government fails to mention Fed. Rule 12(b)(1) in its supporting memorandum, it appears the Government is challenging subject-matter jurisdiction based on sovereign immunity. Under the doctrine of sovereign immunity, the United States cannot be sued without its consent, and any consent given limits the scope of the court's jurisdiction. *See United States v. Dalm,* 494 U.S. 596, 608 (1990). When Congress provides conditions waiving sovereign immunity, "those conditions must be strictly observed and exceptions thereto are not to be lightly implied." *Bartley v. United States*, 123 F.3d 466, 468 (7th Cir. 1997) (quoting *Block v. North Dakota,* 461 U.S. 273, 287 (1983)).

*Notice Requirements Under 26 U.S.C. § 7609*

A petition to quash an IRS summons qualifies as a suit against the United States and, therefore, requires a waiver of sovereign immunity. *Barmes v. United States*, 199 F.3d 386, 388 (7th Cir. 1999). Such a waiver is provided under 26 U.S.C. § 7609(b)(2), which permits a

petition to quash by any person who "is entitled to notice of a summons under subsection (a)." *See also Stratton v. United States*, 34 F. Supp. 2d 1096, 1097 (N.D. Ind. 1998) ("[A] person has the right to bring a proceeding to quash a summons only if he or she is entitled to notice.") (quoting *Davidson v. United States*, No. 97-1244, 1998 WL 339541, *1 (10th Cir. Jun. 9, 1998)). However, the petition must be filed "not later than the 20th day after such notice is given in the manner provided in subsection [7609](a)(2)." 26 U.S.C. § 7609; *Riggs v. United States*, 575 F. Supp. 738, 741 (N.D. Ill. 1983).

Kalra's petition was filed on April 27, 2012. (Def.'s Mem. at 2-3.) The Government argues the petition should be dismissed as untimely. The Government claims, based on Groscost's unsworn and undated statement, that Kalra was mailed notice at the India address on March 29, 2012, and that under the statute, Kalra had twenty days from March 29, 2012 to file his petition (April 18, 2012). In response, Kalra argues that the IRS failed to follow the notification procedures set forth in 26 U.S.C. § 7609(a)(2) and that, consequently, the twenty-day clock never began ticking. Kalra further asserts that he filed his petition as soon as possible after receiving the notice from BofA.

26 U.S.C. § 7609(a)(1) requires that the IRS give notice to the taxpayer whose financial records are sought from a third-party. 26 U.S.C. § 7609(a)(2) provides that such notice is sufficient if it is mailed by certified or registered mail to the last known address of the taxpayer.[3] The notice must include: (1) a copy of the summons and (2) an explanation of the taxpayer's right to sue to quash the summons. 26 U.S.C. § 7609(a)(1).

---

[3] Service can also be effectuated according to 26 U.S.C. § 7603(a), which permits delivering the summons by hand or leaving it at the last and usual place of abode.

In this case, it appears, based on several reasons, that the notice requirements of 26 U.S.C. § 7609(a)(2) were not met. First, the summons's certificate of service is defective. Section Four of the certificate, which pertains to service on Kalra and states "this certificate is made to show compliance with IRC Section 7609," is both unsigned and undated. (Def.'s Mem. Exh. 1A at 2.) The section of the certificate regarding service to BofA is also undated, although it is signed. Second, the actual summons is undated and instead states that it was issued on the "xxth" day of March, 2012. (*Id.* at 1.) Third, the Government has failed to provide a certified or registered mail receipt showing that the summons was, in fact, mailed to Kalra.

Faced with such defects, the Government submitted the "affidavit" by Groscost, referred to above, in which he states that he sent a copy of the summons to Kalra by registered mail. (*See* Def.'s Mem. Exh. 1). However, Groscost's purported affidavit *also* is defective. His "affidavit" lacks any sort of jurat, seal, or other type of certification by a notary public that his statement was actually sworn. Instead, underneath Groscost's signature, there is a blank notary signature block. According to Black's Law Dictionary, an affidavit is a "voluntary declaration of facts written down and sworn by the declarant before an officer authorized to administer oaths." BLACK'S LAW DICTIONARY 66 (9th ed. 2009); *see also Pfeil v. Rogers*, 757 F.2d 850, 859 (7th Cir. 1985) (*Pfeil*) ("An affidavit is a statement reduced to writing and the truth of which is sworn to before someone who is authorized to administer an oath.") (internal quotation and citation omitted). As Groscost's statement lacks any note that it was sworn before someone who is authorized to administer an oath, it is not a sworn affidavit.

Furthermore, Groscost's statement does not qualify as an unsworn declaration under 28 U.S.C. § 1746 because it lacks a specific date. In *Pfeil*, 757 F.2d at 859, addressing a summary judgment motion, the Seventh Circuit cautioned that an affidavit should still be

5

considered if it complied with 28 U.S.C. § 1746, which permits unsworn declarations if such declarations are signed and dated.[4] In this case, lacking both a specific date and a notary public's certification, Groscost's statement does not qualify as either a sworn affidavit or as an unsworn declaration under 28 U.S.C. § 1746. Consequently, Groscost's statement is stricken. *See, e.g., Davis v. Wells Fargo Bank,* 685 F. Supp. 2d 838, 842 (N.D. Ill. 2010) (striking unsigned, unsworn and undated declarations as inadmissible); *Knights v. Williams,* 2005 WL 1838427, No. 02-C-5017 (N.D. Ill. July 28, 2005, at *3 (striking document and noting that "compliance with 28 U.S.C. § 1746 is mandatory and fundamental, not a 'non-substantive' requirement") (quoting *Pfeil*, 757 F.2d at 859); *Counts v. Kraton Polymers, U.S. L.L.C.,* 260 Fed. Appx. 825, 829 (6th Cir. Ohio 2008) (affirming that the district court did not abuse its discretion in striking the undated and unsworn declaration).

---

[4] 28 U.S.C. § 1746. provides as follows:

Whenever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:

"(2) If executed within the United States, its territories, possessions, or commonwealths: 'I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).

(Signature).'"

*Prejudice to Petitioner*

Based on the current record, the evidence is insufficient to show that the IRS complied with the notice requirements of 26 U.S.C. § 7609(a)(2). In instances where the IRS has failed to provide the notice required by 26 U.S.C. § 7609(a)(2), courts will then examine whether the petitioner suffered prejudice as a result of the failure to give notice. Where there was no harm to the petitioner, courts have refused to quash the summons. *See, e.g., Sylvestre v. United States*, 978 F.2d 25, 27-28 (1st Cir. 1992) (district court did not abuse discretion in refusing to quash summonses, since taxpayer had not been harmed by IRS's failure to provide him with timely notice), cert. denied, 507 U.S. 994 (1993); *Cook v. United States*, 104 F.3d 886, 890 (6th Cir. 1997) ("the district courts possess discretionary authority to excuse the Service's technical notice errors where the party in interest suffered no actual prejudice"); *United States v. Texas Heart Inst.*, 755 F.2d 469, 478 (5th Cir. 1985) (*Texas Heart Inst.*) (taxpayer had not demonstrated any prejudice resulting from the IRS's failure to follow the notice requirement, and consequently, any alleged failure by the IRS was harmless).

In this case, Kalra was prejudiced by the IRS's failure to provide him the notice as required by 28 U.S.C. § 7609. *See Texas Heart Inst.*, 755 F.2d at 478 ("We note that more often than not, the taxpayer will be prejudiced by a failure to follow the requisite administrative steps."). The Government has not demonstrated that Kalra received the notice allegedly mailed to him or that he did not get notice until BofA provided it to him. Since the IRS failed to provide Kalra with the statutory notice, the twenty day clock did not begin ticking until he received the notice from BofA. Furthermore, it is important to note that, as mentioned above, Government has failed to file a reply brief responding to Kalra's argument that he filed his petition as soon as practical after he received notice from BofA.

7

For these reasons, the Government's Rule 12(b)(1) Motion is denied.

*Rule 12(b)(6) Motion*

Under a Fed. R. Civ. P. 12(b)(6) motion, a defendant seeks to dismiss the complaint for failure to state a claim. *Christensen v. County of Boone*, 483 F.3d 454, 458 (7th Cir. 2007). As with a Rule 12(b)(1) motion, the court accepts all well-pleaded factual allegations as true and construes all reasonable inferences in the plaintiff's favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (internal quotations omitted). However, a complaint must allege "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For a claim to have facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Under the Internal Revenue Code, the IRS may issue administrative summons for "the purpose of ascertaining the correctness of any return. . . . [or for] determining the liability of any person for any internal revenue tax. . . ." 26 U.S.C. § 7602(a). The United States may seek to compel compliance with a summons in response to an action to quash that summons. *See* 26 U.S.C § 7609(b)(2)(A).

To enforce a tax summons, the government must make a *prima facie* case that the summons was issued in good faith. *2121 Arlington Heights Corp. v. IRS*, 109 F.3d 1221, 1224 (7th Cir. 1997) (*2121 Arlington Hts.*) (citing *United States v. Kis*, 658 F.2d 526, 536 (7th Cir. 1981) (*Kis*)). To do so, the government must establish the following requirements imposed by the Supreme Court in *United States v. Powell,* 379 U.S. 48, 57–58 (1964) (*Powell*): "the

8

investigation underlying the summons has a legitimate purpose; the information sought may be relevant to that purpose; the information is not already in the IRS's hands; and the IRS has followed the statutory steps for issuing a summons." *2121 Arlington Hts.*, 109 F.3d at 1224. These requirements "impose only a minimal burden" on the government. *Miller v. United States*, 150 F.3d 770, 772 (7th Cir. 1998) (*Miller*). Once the government makes a *prima facie* showing, the burden shifts to the petitioner to either "disprove one of the *Powell* factors, or to show that the IRS issued the summons in bad faith." *Id.* The petitioner "faces a 'heavy burden'" in refuting the government's *prime facie* case. *Id.* (internal citation omitted).

The government ordinarily demonstrates its *prima facie* case through affidavits of the agents involved in the investigation. *2121 Arlington Hts.,* 109 F.3d at 1224; *see also Miller*, 150 F.3d at 772. As discussed above, the purported affidavit by Groscost has been stricken as facially defective, and therefore, the Government cannot rely on it to establish its *prima facie* case.

Moreover, as mentioned above, the Groscost statement fails to show the purpose and relevancy of the information sought, as required by *Powell*. The purported request by the ITA pursuant to a treaty between the United States and India are only addressed in the Government's memorandum. (*See* Def.'s Mem. pp. 1-2.) As the Government has submitted no other competent evidence to show the summons was issued in good faith, the Government has failed to establish its *prima facie* case. *See Miller*, 150 F.3d at 772 (holding that the government did not meet its minimal *prima facie* burden when it provided no affidavits for enforcement of the tax summons).

Consequently, the Government's Rule 12(b)(6) Motion must be denied.

**CONCLUSION**

For the reasons set forth above, the Government's Motion to Dismiss for Failure to State a Claim and for Lack of Subject-Matter Jurisdiction [21] is denied.

Date:     April 23, 2013 _____
 JOHN W. DARRAH
 United States District Court Judge