UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BIKRAMJIT SINGH KALRA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 12-cv-3154 |
| v. ) | |
| ) | Judge John W. Darrah |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Bikramjit Singh Kalra has filed a Petition to quash, pursuant to 26 U.S.C. § 7609(b), two Internal Revenue Service summonses that seek his financial information from two third-party banks. For the reasons stated below, Kalra's Petition [33] is denied.

## BACKGROUND

Kalra is the subject of an investigation by the Competent Authority for India (the "ICA") concerning his tax liability in that country. (Gov't's Resp. to Pet. to Quash Summonses ("Gov't's Resp.") Ex. 1, ¶ 3.) Pursuant to a treaty between the United States and India, the ICA has requested that the Internal Revenue Service (the "IRS") obtain information about Kalra's bank accounts held by Bank of America ("BOA") and HSBC Bank, USA NA ("HSBC") for the period April 1, 2000 through December 31, 2011. (Pet. ¶ 5; *see also* Gov't's Resp., Exs. A, B.)[1]

---

[1] Specifically, Article 28 of the Tax Convention with the Republic of India provides that the Governments for the United States and the Republic of India "shall exchange such information (including documents) as is necessary for carrying out the provisions of the Convention or the domestic laws of the Contracting States concerning taxes covered by the Convention . . . [and] for the prevention of fraud or evasion of such taxes." (Available online at http://www.irs.gov/pub/irs-trty/india.pdf, *last visited December 18, 2013*.)

On April 27, 2012, Kalra filed his original Petition to Quash Summons in this case. On April 23, 2013, this Court denied the Government's Motion to Dismiss the Petition based on inadequate notice but retained jurisdiction over the matter. (Pet. ¶¶ 3-4.) On June 25, 2013, the IRS reissued the summonses to BOA and HSBC for the information requested by the ICA and served Kalra and his attorney with copies by registered mail.

Kalra has now filed the instant Petition, pursuant to 26 U.S.C. § 7609(b), arguing that the IRS summonses were not issued pursuant to a legitimate purpose and do not seek relevant information. In his reply brief, however, Kalra concedes the validity of the two summonses to the extent they seek information and documents for 2010 and 2011 but continues to resist production of bank records for 2000 through 2009. (Pet'r's Reply 2.)

## LEGAL STANDARD

To establish a *prima facie* case that an IRS summons is valid, the government must satisfy the four factors set forth by the Supreme Court in *United States v. Powell*, 379 U.S. 48 (1964): (1) the summons was issued for a legitimate purpose; (2) the summoned data may be relevant to that purpose; (3) the data is not already in the IRS's hands; and (4) the IRS has followed the administrative steps for issuing and serving the summons. *Id.* at 57-58; *see also Khan v. United States*, 548 F.3d 549, 554 (7th Cir. 2008). Additionally, the government must not violate the Internal Revenue Code provision that "the summons is issued in good faith." *Khan*, 548 F.3d at 554. These requirements "impose only a minimal burden" on the government. *Miller v. United States*, 150 F.3d 770, 772 (7th Cir. 1998). The government typically demonstrates its *prima facie* case through affidavits of the agents involved in the investigation. *Id.*; *see also 2121 Arlington Heights Corp. v. IRS*, 109 F.3d 1221, 1224 (7th Cir. 1991) ("*Arlington Hts.*"); *Sugarloaf Funding, LLC v. US Dep't of the Treasury*, 584 F.3d 340, 345 (1st

Cir. 2009) ("An affidavit of the investigating agent that the *Powell* requirements are satisfied is sufficient to make the prima facie case.").[2] The *Powell* factors are applicable even where, as here, the IRS has issued the summons pursuant to a treaty with a foreign country. *See United States v. Stuart*, 489 U.S. 353, 356 (1989).

Once the government makes a *prima facie* showing of a valid summons, the burden shifts to the petitioner to either "disprove one of the *Powell* factors, or to show that the IRS issued the summons in bad faith." *Miller*, 150 F.3d at 772. The petitioner "faces a 'heavy burden'" in refuting the government's *prima facie* case. *Id.* He "must do more than just produce evidence that would call into question the Government's *prima facie* case"; rather, he carries the burdens of production and proof. *United States v. Kis*, 658 F.2d 526, 538-39 (7th Cir. 1981).

**ANALYSIS**

*The Government's Prima Facie Case that the IRS Summonses Are Valid*

In response to Kalra's Petition, the Government has submitted declarations from Douglas W. O'Donnell, the Assistant Deputy Commissioner, International, Large Business and International Division (the "LB&I Division") of the IRS; and Timothy H. Burke, Tax Law Specialist for the LB&I Division of the IRS. (Gov't.'s Resp., Exs. 1 & 2.) Through these declarations, the Government has met its "slight" burden and demonstrated its *prima facie* case that the IRS summonses at issue are valid. *See 2121 Arlington Hts.*, 109 F.3d at 1224.

---

[2] Some courts have held that where the Government moves to dismiss the petition, instead of moving to compel compliance with the subpoena, the Government does not need to establish a *prima facie* case, and therefore, the burden immediately shifts to the petitioner to establish a valid defense. *See O'Doherty v. United States*, 05 C 3639, 2005 WL 3527271, at *5 (N.D. Ill. Dec. 20, 2005) (citing *Jungles v. United States*, 634 F. Supp. 585, 586 (N.D. Ill. 1986)); *Knauss v. United States*, 28 F. Supp. 2d 1252, 1254 (S.D. Fla. 1998). However, as discussed below, this distinction is unimportant, as the Government has successfully established its *prima facie* case with affidavits.

Specifically, with respect to the first *Powell* factor, O'Donnell attests that he determined that the ICA's requests were proper and appropriate under the treaty with India. (Gov't's Resp. Ex. 1, ¶¶ 3-4.) Indeed, "[a]ssisting the investigation of a foreign tax authority has been held to be a legitimate purpose by itself." *Mazurek v. United States*, 271 F.3d 226, 230 (5th Cir. 2001) (finding that "the IRS meets *Powell's* first ("legitimate purpose") requirement because it is attempting to fulfill the United States' obligations under the Treaty efficiently"). O'Donnell further attests that his office recently confirmed with the ICA that it continues to need this information from Kalra and that there are no statute of limitations issues under India law. (Gov't's Resp. Ex. 1, ¶ 3.) The first factor is thereby satisfied.

With respect to the second *Powell* factor, O'Donnell states that, based on the information provided by the ICA, he has determined that there is a reasonable basis to believe that the summonses will produce information relevant to the ICA's determination of Kalra's tax liabilities. *(Id.* Ex. 1, ¶ 10, & Ex. 2, ¶ 6.) "The Government must show only that the summons seeks information with '*potential* relevance.'" *United States v. Sidley Austin Brown & Wood, LLP*, No. 03 C 9355, 2004 WL 905930, at *4 (N.D. Ill. Apr. 28, 2004) (quoting *United States v. Arthur Young & Co.*, 465 U.S. 805, 814 (1984) (emphasis in original). This satisfies the second *Powell* factor.

Finally, the third and fourth *Powell* factors are met; neither the IRS nor the ICA already has the requested information, and the IRS has taken the necessary administrative steps. (Gov't's Resp. Ex. 1, ¶ 7, & Ex. 2, ¶¶ 5, 7, 9.) Thus, the Government has established each of the four *Powell* factors.

*Kalra's Burden to Show the Summonses Should be Quashed*

Because the Government has established its *prima facie* case, Kalra must satisfy his "heavy burden" of either disproving one of the *Powell* factors or showing that the IRS acted in bad faith in issuing the summonses. *Miller*, 150 F.3d at 772. As mentioned above, Kalra concedes, in his reply brief, the validity of the summonses to the extent that they seek information for the time period of 2010-2011 but contests the production of bank records for 2000 through 2009. Kalra argues that the first and second *Powell* factors are not met for this time period because: (1) the ICA has not commenced an investigation into his tax liabilities for the years 2000 through 2005, and (2) the income he earned in the United States for the years 2005 through 2010 was exempt from taxation under Indian law.

Kalra's arguments are misplaced. The *Powell* factors do not require the IRS to assess the adequacy of the Indian tax practices or the scope of its tax investigation before issuing the summonses for the requested information. *See, e.g., Guglielmi v. United States*, No. 12 Civ. 6007(WHP), 2013 WL 1645718, at *2 (S.D.N.Y. Apr. 15, 2013) ("To enforce a summons, the IRS is not required to assess the adequacy of [another country's] tax law or practices."). Rather, the focus is on whether the IRS acted in good faith in complying with the requests. *Id.* at *2 (citing *Stuart*, 489 U.S. at 369-70 and *Mazurek*, 271 F.3d at 231 ("As long as the IRS acts in good faith, it need not also attest to — much lest prove — the good faith of the requesting nation."). As such, courts have rejected arguments, such as those made by Kalra, that seek to attack the good faith or legitimacy of the requesting country's investigation. *See, e.g., Villareal v. United States*, 524 F. App'x 419, 423 (10th Cir. 2013) (Mexico taxing authorities' good faith in requesting information was irrelevant; "what matters is the IRS's good faith in issuing the summons"); *Mazurek*, 271 F.3d at 231-32; *Net Promotion, Inc. v. United States*, No. 12mc36

(DSD/TNL), 2012 WL 6015606, at *2 (D. Minn. Dec. 3, 2012) (adopting magistrate's report and recommendation to deny petition to quash where petitioner argued that there was no proper referral from France regarding the petitioner's potential French income tax liability); *Guglielmi*, 2013 WL 1645718, at *2 (denying petition to quash summons issued by the IRS at the request of the Italian tax authorities). Kalra has failed to show that the IRS has acted in bad faith in complying with the ICA's requests and issuing the summonses. Consequently, his Petition must be denied.

## CONCLUSION

For the reasons set forth above, Kalra's Petition to Quash Summonses pursuant to 26 U.S.C. § 7609(b) is denied.

Date:   January 21, 2014

_____
JOHN W. DARRAH
United States District Court Judge